

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4125 | **DATE** | 9/16/2002 |
| **CASE TITLE** | USA ex rel STEVEN MILLER vs. BENSKO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 9/16/2002 | |
| | | 02 SEP 17 AM 7:37 | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel. )
STEVEN MILLER, )
)
Petitioner, )
) 02 C 4125
v. )
)
RAYMOND BENSKO, Warden, )
Jacksonville Correctional Center )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On June 7, 2002, petitioner Steven Miller ("Miller") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Miller's petition for habeas relief is DENIED.

DOCKETED

## BACKGROUND

SEP 17 2002

Petitioner is currently incarcerated at Jacksonville Correctional Center in Jacksonville, Illinois, where he is identified as prisoner No. B-11883. In February, 1999, following a bench trial in the Circuit Court of Cook County, petitioner was convicted of possession of a stolen motor vehicle and was thereafter sentenced to a prison term of ten years. Petitioner appealed, arguing that the state failed to meet its burden of proof to show beyond a reasonable doubt that he was guilty of possession of a stolen motor vehicle where police testimony was allegedly inconsistent with certain physical evidence and the testimony of the owner of the car. On June 1, 2000, the Appellate Court

1



of Illinois, First Judicial District, affirmed the conviction, finding that the evidence presented was sufficient to establish defendant's guilt, and on July 13, 2000, the court denied petitioner's petition for rehearing. Petitioner then filed a petition for leave to appeal in the Supreme Court of Illinois, arguing the same sufficiency of evidence claim raised in the appellate court, and the court denied on June 6, 2001.

In the interim, petitioner filed a petition for post-conviction relief in the Circuit Court of Cook County on January 26, 2001 pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*. in which petitioner argued three main points: (1) ineffective assistance of counsel at trial for failure to call an alibi witness, Angela Quinn, known as "Gidget"; (2) ineffective assistance of counsel at trial for failure to call other officers to testify and for failing to secure an independent forensic analysis of the stolen car; and (3) denial of petitioner's constitutional right to be present in the courtroom during closing arguments. In addition to filing his petition for post-conviction relief, petitioner made several discovery requests for information petitioner alleged the trial counsel and appellate counsel failed to provide petitioner with: (1) trial counsel never provided petitioner with the stolen vehicle report and certain grand jury transcripts, and failed to use that information at trial; (2) appellate counsel on direct appeal should have procured that same information for petitioner. On April 10, 2001, the trial court denied petitioner's discovery requests and post-conviction petition for relief.

Petitioner then filed an appeal of the denial of his post-conviction petition. The appellate defender appointed to petitioner's appeal filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987). In his response to the appellate defender's Finley motion, petitioner abandoned his "Gidget" alibi witness claim, as well as his claim that he was not

present in the courtroom during closing arguments, and instead raised the same discovery issues that he raised in his discovery requests filed contemporaneously with his petition for post-conviction relief. On December 26, 2001, the appellate court granted the appellate defender's Finley motion to withdraw and affirmed the trial court's denial of post-conviction relief. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on April 3, 2002. In his petition for leave to appeal, petitioner continued to argue that his trial attorney was ineffective for withholding certain evidence which, introduced at trial, would have allegedly led to petitioner's acquittal. Petitioner did not argue, however, as he had in his petition for post-conviction relief, that the performance of his attorney on direct appeal constituted ineffective assistance of counsel.

During the course of petitioner's post-conviction litigation, petitioner commenced proceedings under the Illinois Habeas Corpus Act, 735 ILCS 5/10-101 *et seq.* by filing a petition in which he alleged that the trial court lacked jurisdiction because the police failed to file a report with the state police in compliance with 625 ILCS 5/4-107, and because the indictment was ambiguous and procured by fraud. The trial court denied petitioner's habeas petition, and petitioner appealed. The appellate defender assigned to the appeal thereafter filed a Pennsylvania v. Finley motion. The appellate court granted the appellate defender's Finley motion to withdraw and affirmed the trial court's dismissal on March 20, 2002. Petitioner filed a petition for leave to appeal, which the Illinois Supreme Court denied on May 13, 2002.

On June 4, 2002, petitioner filed his petition for writ of habeas corpus to this court. For the following reasons, petitioner's petition for writ of habeas corpus is denied.

## STANDARD OF REVIEW

A federal court may grant a writ of habeas corpus on behalf of a prisoner held in custody

pursuant to a state court judgment only if the petitioner is held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). It follows that errors of state law are irrelevant unless they resulted in the deprivation of a constitutional or federal right. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991); Gonzales v. DeTella, 127 F.3d 619, 621 (7th Cir.1997), cert. denied, 523 U.S. 1032 (1998). And it must be kept in mind that "the Constitution entitles a criminal defendant to a fair trial, not a perfect one." Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986).

Prior to the court's consideration of petitioner's claims on the merits, a habeas petitioner must meet several distinct procedural requirements. A habeas petitioner must first have given the state's highest court an opportunity to address each claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 841-42, 119 S.Ct. 1728 (1999). Each claim must have been "fairly presented," in the manner prescribed by state law, apprising the state courts of the facts and law supporting each claim. See id. A constitutional claim presented to the state courts solely in state-law terms may be found to have been forfeited. See Wilson v. Briley, 243 F.3d 325, 327-28 (7th Cir.2001); Moleterno v. Nelson, 114 F.3d 629, 634 (7th Cir.1997). Procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); (2) the petitioner failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992); or (3) the state court previously disposed of an issue now presented on petition on an independent and adequate state law ground, such as a state procedural bar, see Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

Once these prerequisites have been met and a federal court reaches the merits of a petitioner's

claims, the court may grant a writ of habeas corpus on a claim decided on the merits by the state courts only if the state courts' rejection of that claim either (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, 28 U.S.C. § 2254(e)(1) provides that determinations of factual issues by state courts are presumed correct, and may be rebutted only by clear and convincing evidence.

## ANALYSIS

Petitioner's claims pending in this petition are as follows: (1) the trial court was never properly vested with jurisdiction because the indictment was procured by fraud; (2) trial counsel knowingly withheld favorable evidence to the detriment of petitioner, and participated in improper collusion with the prosecutor; (3) appellate counsel was ineffective for failure to provide petitioner certain grand jury transcripts and for failing to raise any ineffective assistance of counsel claims on direct appeal; (4) evidence introduced by prosecution was insufficient to establish, beyond a reasonable doubt, that petitioner was guilty of possession of a stolen motor vehicle; and (5) the State deprived petitioner of an open and fair process and available judicial remedies, and petitioner is unlawfully incarcerated for a crime he did not commit. For the following reasons, petitioner's petition for writ of habeas corpus is denied in its entirety.

I. <u>Lack of Proper Jurisdiction in the Trial Court</u>

The first ground petitioner raises in support of his habeas petition is that the trial court did not have proper jurisdiction to hear his case because during the grand jury proceedings, the prosecution's witnesses allegedly provided false testimony, and the officers knowingly used forged

5

signatures and false certification of traffic tickets. Plaintiff also alleges that the vehicle case report used is in violation of some unidentified fiduciary duty required by the Illinois State Law reporting provision. This court finds that petitioner's claim is not cognizable as a federal habeas claim.

This claim that petitioner now makes was raised by petitioner in his petition for relief before the state court under the Illinois Habeas Corpus Act, 735 ILCS 5/10-101 *et seq.*, where petitioner argued that the trial court lacked jurisdiction because the police failed to file a report with the state police in compliance with 625 ILCS 5/4-107, and because the indictment was ambiguous and procured by fraud. Under Illinois law, a prisoner may seek habeas corpus relief in the Illinois state courts. See 735 ILCS 5/10-101 et seq. However, Illinois's habeas corpus procedure provides for very limited relief, see generally, 735 ILCS 5/10-101, *et seq.*, and provides relief only on the grounds specifically enumerated in section 10-124 of the act. See 735 ILCS 5/10-124. The Illinois Supreme Court has consistently held that a writ under this act is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release. See Barney v. Prisoner Review Board, 184 Ill.2d 428, 430, 704 N.E.2d 350 (1998) (and cases cited therein). Moreover, a petition for habeas corpus may not be used to review proceedings that do not exhibit one of these defects, even though the alleged error involves a denial of constitutional rights. Barney, 184 Ill.2d at 430, (citing Newsome v. Hughes, 131 Ill.App.3d 872, 874, 476 N.E.2d 478 (4th Dist. 1985)).

A federal court may grant a writ of habeas corpus on behalf of a prisoner held in custody pursuant to a state court judgment only if the petitioner is held in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3). In this case,

6

petitioner pursued his jurisdictional claim in state court under the state habeas corpus act and accordingly raised no constitutional arguments. The jurisdictional challenge that petitioner raised in his state habeas petition was premised solely under the authority of state law. This court therefore finds that it is barred from reviewing petitioner's jurisdictional challenge because petitioner has not raised an issue of a violation under the Constitution or federal laws, and the state court previously disposed of the jurisdictional issue, which petitioner now presents in his habeas petition before this court, on an independent and adequate state law ground. See Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

II. Ineffective Assistance of Trial and Appellate Counsel

A. Trial Counsel

Petitioner contends that his trial attorney withheld "favorable defense records" and engaged in conspiratorial communications with the prosecutor. Specifically, petitioner maintains that his trial attorney denied that there existed a vehicle report on the stolen vehicle in question, but that three years later, the vehicle report was in fact found in the record. Petitioner also claims that his trial attorney refused to provide petitioner with a copy of the grand jury transcript of Officer Hussey's testimony, which allegedly contradicts the testimony the court relied on to convict the petitioner. Petitioner raised these arguments for the first time in his petition for post-conviction relief. The trial court denied petitioner any post-conviction relief, and the appellate court granted appellate defense counsel's Finley motion to withdraw, finding petitioner's arguments to be without any issues of arguable merit, and finally, the Illinois Supreme Court denied petitioner's leave to appeal. Based upon a thorough review of the record, this court finds that petitioner has not presented any evidence to support his general allegations of conspiratorial communications and false testimony. As such,

7

this court does not find that the appellate court's grant of the Finley motion and denial of petitioner's claims constituted an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

B. Appellate Counsel

As to petitioner's appellate counsel, petitioner also argues ineffective assistance of appellate counsel due to a failure to secure the grand jury transcripts alluded to above, and for failure to argue that trial counsel was ineffective, presumably, for the reasons outlined above. This court finds that petitioner's arguments as to the alleged ineffectiveness of his appellate counsel are procedurally defaulted because petitioner failed to raise this claim in his petition for leave to appeal to the Illinois Supreme Court following the state appellate court's decision on post-conviction review. The only allegations raised by petitioner in his petition for leave to appeal is his claim that his trial counsel was ineffective. (See Resp.'s Answer to Petition for Writ of Habeas Corpus, Ex. J). Prior to this court's consideration of petitioner's claims on the merits, a habeas petitioner must first have given the state's highest court an opportunity to address each claim. O'Sullivan v. Boerckel, 526 U.S. 838, 841-42, 119 S.Ct. 1728 (1999). Because petitioner failed to raise this issue to the Illinois Supreme Court, this court finds petitioner's claim procedurally defaulted. See White v. Godinez 192 F.3d 607, 607 (7th Cir. 1999) ("Failure to include ineffective assistance of counsel claims in discretionary postconviction appeal to highest court of state was procedural default that barred resort to federal habeas corpus relief.").

Petitioner does not argue or present any evidence that there exists cause for the default or prejudice resulting therefrom and this court does not find any such evidence upon review of the

record. Petitioner's unsupported argument that he is actually innocent of the crime is also unpersuasive and insufficient to demonstrate that "a fundamental miscarriage of justice" will result from this court's failure to consider petitioner's argument. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546 (1991).

III. Sufficiency of the Evidence

Petitioner contends that the state failed to prove, beyond a reasonable doubt, that he was guilty of possession of a stolen motor vehicle. Because petitioner raised this argument in his direct appeal and presented it in his petition for leave to appeal to the Illinois Supreme Court, petitioner's claim is properly before this court for review. This court may grant a writ of habeas corpus on a claim decided on the merits by the state courts only if the state courts' rejection of that claim either resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court cases, or if it decides a case differently than the Court has done on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from the Court's decisions but unreasonably applies it to the facts of the particular case. Id., at 407-08, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and an unreasonable application is different from

9

an incorrect one. Id., at 409- 410, 120 S.Ct. 1495; see also id. at 411, 120 S.Ct. 1495 (A federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.").

Keeping these principles in mind, this court now turns to petitioner's argument. In Illinois, to sustain a conviction for possession of a stolen motor vehicle, the state must prove that the defendant knew the vehicle was stolen. 625 ILCS 5/4-103(a)(1). Where possession of the vehicle has been shown, an inference of the defendant's knowledge can be drawn from the surrounding facts and circumstances. People v. Mijoskov, 140 Ill.App.3d 473, 477 (1st Dist. 1986). At trial, police officer Patrick Quinn testified that he pulled over a car that defendant was driving and noticed that the car's ignition had been tampered with and the engine was running without the use of a key. Officer Quinn also testified that the steering column was damaged because the ignition was "punched" or removed, and that there was a screwdriver in the front seat of the car. Petitioner, when asked who owned the car, answered "I don't know." After petitioner was arrested, the police officers assisting with the arrest ran the license plates through the computer and discovered that Marcos Sandoval owned the car. Mr. Sandoval testified at trial that when the car was returned to him, the car's ignition or steering column was "punched," meaning that it would start with any key, but that he found no damage to the steering column, and that the ignition was not "punched out." (Resp.'s Answer to Petition for Writ of Habeas Corpus, Ex. B at 2.) The appellate court noted that the trial court was in a superior position to assess the credibility of witnesses and resolve any conflicts of inconsistencies in testimony, and concluded that the evidence presented at trial was sufficient to establish petitioner's guilt.

The test for measuring the sufficiency of evidence, and the relevant Supreme Court precedent for purposes of reviewing petitioner's sufficiency claim is set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 (1979). Under Jackson, a conviction will be upheld unless, viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Although the appellate court did not specifically apply the Jackson standard to this claim, it did apply People v. Curtis, 296 Ill.App.3d 991, 696 N.E.2d 372 (4th Dist. 1998), a case which involved a challenge to the sufficiency of the evidence and which recited the Jackson standard: "The test to be employed on review is 'is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Curtis, 696 N.E.2d at 378 (citation omitted; emphasis in original). Upon a complete review of the record, and in light of the evidence and the relevant constitutional standard, this court does not find that the appellate court's application of United States Supreme Court precedent involved an unreasonable application of clearly established Supreme Court law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

IV. Inadequate State Corrective Process

Finally, petitioner argues that the state denied him due process, which led to his unjust imprisonment, that it withheld certain materials that would exonerate him, and that he is unjustly incarcerated for a crime he did not commit. First, "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 860 (1993). This rule is grounded in the principle that

11

federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-- not to correct errors of fact, see id., and "[f]ederal courts are not forums in which to relitigate state trials," see id. at 401, 113 S.Ct. 853. This court finds that petitioner has not rebutted the facts developed in the state court proceeding upon which petitioner was convicted with clear and convincing evidence. 28 U.S.C. § 2254(d). Accordingly, petitioner's claim of actual innocence cannot support his habeas petition.

As to petitioner's claim that the state allegedly "withheld Judicial remedies for Constitutional violations occurring at petitioner [sic] trial," (Petition. at 7), this court finds this claim procedurally defaulted as petitioner did not raise this issue at any state court level. In addition, petitioner has not demonstrated that any cause or prejudice exist to excuse the procedural default. Finally, even if this court were to disregard the procedural default, this court notes that petitioner has not presented evidence of the "judicial remedies" petitioner claims the state withheld from petitioner. Therefore, this court cannot conclude that petitioner is being held in violation of the Constitution, laws, or treaties of the United States.

## CONCLUSION

For all the reasons stated above, petitioner Steven Miller's petition for writ of habeas corpus is denied. This case is dismissed in its entirety. All pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: September 16, 2002